UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re                                                                                    Chapter 11


29 Brooklyn Avenue LLC,                                              Case No. 12-40279-CEC


                                    Debtor.

-----------------------------------------------------------------X




                                    DECISION







Appearances:

David Carlebach Esq.                         David Berger Esq.
The Carlebach Law Group                      Tenenbaum Berger & Shivers LLP
55 Broadway, Suite 1902                      26 Court Street, Penthouse
New York, New York 10006                     Brooklyn, New York 11242
Attorneys for the Debtor                     Attorneys for the Receiver, Stephen R. Chesley






                            CARLA E. CRAIG

                    Chief United States Bankruptcy Judge

This matter comes before the court on the motion of 29 Brooklyn Avenue, LLC (the "Debtor") for a stay pending appeal of the order entered on August 21, 2015, requiring the Debtor to pay $72,449.55 to Stephen R. Chesley (the "Receiver").

## Jurisdiction

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Background

The Receiver was appointed for the property located at 29 Brooklyn Avenue, Brooklyn, New York (the "Property") in July, 2010, following the commencement of a foreclosure action by New York Community Bank. In re 29 Brooklyn Ave., LLC, 535 B.R. 36, 40 (Bankr. E.D.N.Y. 2015). The Debtor filed this bankruptcy case in January, 2012, and as required by §543 of the Bankruptcy Code, the Receiver turned the Property over to the Debtor. Id. at 40. The Receiver filed a proof of claim (the "Proof of Claim") in this case on April 24, 2012 and amended the Proof of Claim on October 5, 2012 and June 25, 2014. Id. at 40. The Debtor objected to the Proof of Claim on June 1, 2012. Id. at 40-41. The Debtor filed a plan of reorganization (the "Plan") on December 19, 2012, and the Receiver objected to confirmation of the Plan on January 13, 2013. Id. at 41.

To resolve the Receiver's objections and to permit Plan confirmation to go forward, the Receiver withdrew his objection to confirmation, and the Debtor placed $77,664.72, the full amount of the Proof of Claim at the time, in escrow with Debtor's counsel, pending

determination of the Debtor's objection to the Proof of Claim. Id. at 41. After an eight day trial

on the Debtor's objection to the Proof of Claim, this Court determined that the Receiver is

entitled to $72,449.35 of the amount sought pursuant to the Proof of Claim, and ordered that

payment be made to the Receiver. In re 29 Brooklyn Ave., LLC, 535 B.R. 36, 59-60 (Bankr.

E.D.N.Y. 2015); Decision, ECF 206 (the "Decision"); Order, ECF 207 (the "Order").[1] The

Debtor has appealed the Order, and seeks a stay pending appeal.

## Discussion

An application for a stay pending appeal is governed by Fed. R. Bank. P. 8007, which

provides that "[o]rdinarily, a party must move first in the bankruptcy court for the following

relief: A) a stay of judgment, order, or decree of the bankruptcy court pending appeal." Fed. R.

Bankr. P. 8007(a)(1)(A).

The decision to grant a stay pending appeal is discretionary. In re Overmyer, 53 B.R.

952, 955 (Bankr. S.D.N.Y. 1985). To obtain a stay, the movant must show: 1) that the movant

will suffer irreparable injury absent a stay; 2) that the issuance of the stay will not substantially

injure the non-moving party; 3) that there is a substantial possibility that the movant will be

successful on appeal; and 4) that the public interest favors a stay. Hirschfeld v. Bd. of Elections

in City of New York, 984 F.2d 35, 39 (2d Cir. 1993). Lower courts in the Second Circuit are

split on whether the moving party must satisfy all four prongs of this test in order to qualify for a

stay. Some courts have held that all four factors must be met to grant a stay, In re Bijan-Sara

Corp., 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996); In re Charles & Lillian Brown's Hotel, Inc., 93

B.R. 49, 53 (Bankr. S.D.N.Y. 1988), while other courts have applied a balancing test, weighing

---

[1] Citations to "ECF" are to documents filed on the court's docket, identified by docket number.

the four factors in determining whether to grant a stay.  In re Adelphia Comm'cns Corp., 361

B.R. 337, 347 (S.D.N.Y. 2007).  Under either standard, the Debtor's motion for a stay must be

denied.

    1)  The Movant's Claim of Irreparable Harm

The Debtor argues that it will suffer irreparable harm without a stay, because it will be

required to incur "the expense and nuisance of transferring funds that the Debtor believes will

ultimately be refunded."  (Motion to Stay Order Pending Appeal of the Bankruptcy Court's

August 21, 2015 Decision and Order, ¶ 32, ECF 227 (the "Debtor's Stay Motion")).  The Debtor

also argues that "the District Court may see the transfer of funds as mooting the appeal (although

it wouldn't moot the appeal) or be left with the impression that the Receiver's claim is valid,

since his Proof of Claim has been paid."  (Id.)

It is axiomatic that "a showing of probable irreparable harm is the principal prerequisite

for the issuance of a stay. Irreparable harm must be neither remote nor speculative, but actual and

imminent." In re Taub, 470 B.R. 273, 278 (E.D.N.Y. 2012) (quoting In re Adelphia Comm'cns

Corp, 361 B.R. at 347). Injuries that are "fully remedied by monetary damages do not constitute

irreparable harm." In re Taub, 470 B.R. at 278 (citing Borey v. Nat'l Union Fire Ins. Co. of

Pittsburgh, 934 F.2d 30, 34 (2d Cir.1991)).

Debtor's claim of irreparable harm absent a stay pending appeal is utterly without merit.

The argument that being required to incur the "expense and nuisance" of transferring escrowed

funds to the Receiver, as ordered by this Court, constitutes irreparable harm, is frivolous.  The

Debtor fails to explain what expense would be involved in making this transfer, much less how

such an expense, which could be addressed by monetary damages, could constitute irreparable

harm.  The claim that making the required payment to the Receiver would be a "nuisance" does not allege any type of cognizable harm, much less irreparable harm.

The argument that the District Court may incorrectly perceive the Debtor's transfer of funds to the Receiver as mooting the appeal, or may get the impression that the Receiver's claim is valid, and that this possibility constitutes irreparable harm justifying a stay pending appeal, is equally meritless.  Obviously the District Court is capable of correctly applying the law and properly evaluating the appeal, whether or not the Debtor complies with the Order directing payment to the Receiver.

2)  <u>Lack of Substantial Injury to Other Parties if a Stay is Granted</u>

This factor requires the Court to assess the prejudice to other parties that would result if the stay is granted.  The Debtor argues that the stay will not harm the Receiver because the Debtor is currently holding "more than sufficient funds to pay the Proof of Claim" in escrow. (Debtor's Stay Motion, ¶ 33, ECF 227.)

It is "well settled precedent that 'the delay caused to creditors receiving their payments is also a significant harm in warranting denial of a stay.'"  <u>In re Fairmont Commc'ns Corp.</u>, No. 92 B 44861, 1993 WL 428710 at *4 (Bankr. S.D.N.Y. Oct 12, 1993) (quoting <u>In re Pub. Serv. Co. of New Hampshire</u>, 116 B.R. 347, 350 (Bankr. D.N.H. 1990) (internal citations omitted).  The Receiver has waited years to receive payment of these amounts, and more than three months have passed since the Order directing payment was entered.  (Order, ECF 207.)  Furthermore, the Receiver has outstanding obligations to vendors whose unpaid invoices are part of the Receiver's allowed claim.  (Memorandum of Law in Opposition to Debtor's Motion for a Stay Pending

Appeal, p. 9, ECF 230.)  On this record, the Debtor has failed to meet its burden to show that no

substantial harm to other parties will result if a stay is granted.

### 3)  A Substantial Possibility That The Debtor Will Be Successful On Appeal

Findings of fact by a trial court are entitled to deference unless they are clearly erroneous.

Buford v. United States, 532 U.S. 59, 63 (2001).  The Debtor argues that the Court erred in

failing to find gross mismanagement by the Receiver.  (Debtor's Stay Motion, ¶ 37, ECF 227.)

Errors which the Debtor points to as grounds for reversal include:

> "1) the fact that this court failed to fully take into account the fact that the expenses listed
> by the Receiver in his Proof of Claim were incurred in violation of the State Court
> Receiver Order and that therefore, the Proof of Claim should have been disallowed in its
> entirety and 2) the Court's failure to fully understand all of the aspects of running an
> apartment building and thus how the Receiver's actions did rise to the level of gross
> mismanagement."

Id.

The Debtor claims that the Receiver violated the order entered by Supreme Court, Kings

County appointing the Receiver (the "Receiver Order"), and that these violations are per se

instances of gross mismanagement.  (Debtor's Stay Motion, ¶ 47, ECF 227.)  The violations of

the Receiver Order that the Debtor alleges constitute gross mismanagement include 1) incurring

expenses in excess of $1,000 without court permission, 2) mistakenly depositing certain funds

into an IOLA account rather than into the designated Receiver account, and 3) incurring

obligations in excess of cash on hand.  (Id. at ¶¶ 38-51.)  The Debtor also claims that the

Receiver failed to comply with state law by failing to file a change of management form with

Division of Housing and Community Renewal.  (Id. at ¶ 56.)

In New York, "it is well settled that compensation may be denied to a receiver who has grossly mismanaged the property entrusted to him or her." <u>Fed. Deposit Ins. Corp v. 65 Lenox Rd. Owners Corp.</u>, 270 A.D. 2d 303, 304 (2d Dep't 2000). "Gross mismanagement, however, does not mean incurring unnecessary or unreasonable expenses, violating minor terms of the order of appointment, or making repairs to the property in good faith." <u>In re 29 Brooklyn Ave., LLC</u>, 535 B.R. 36, 43 (Bankr. E.D.N.Y. 2015) (citing <u>David Realty & Funding, LLC v. Second Ave. Realty Co.</u>, 14 A.D. 3d 450, 788 N.Y.S. 2d 371 (1st Dep't 2005); <u>Corcoran v. Joseph. M Cororan, Inc.</u>, 135 A.D. 2d 531, 521 N.Y.S. 2d 757, 760 (2d Dep't 1987); <u>Utica Partition Corp. v. Jackson Const. Co.</u>, 201 A.D. 376, 194 N.Y.S. 303 (1st Dep't 1922)).

"A Receiver may be surcharged based on gross mismanagement to the extent that his actions caused 'great loss' to the estate." <u>In re 29 Brooklyn Ave., LLC</u>, 535 B.R. 36, 43 (Bankr. E.D.N.Y. 2015) (quoting <u>Title Guarantee & Trust Co. v. Adlake Corp.</u>, 290 N.Y.S. 1007, 1010 (N.Y. Sup. Ct. Queens Cty. 1936)). However, the evidence presented at trial failed to show gross mismanagement, let alone any "great loss" to the estate. The Debtor failed to demonstrate damages caused by any violations of law or of the Receiver Order, and therefore may not surcharge the Receiver based on any such violations.

The Debtor further argues that the "Bankruptcy Court did not fully appreciate the import of the facts presented before the Court, and that based on those same facts, another impartial court could find gross mismanagement." (Debtor's Stay Motion, ¶ 52, ECF 227.) In making this argument, the Debtor continues to miss the point that in order to result in surcharge, a receiver's conduct must result in loss. Generalized allegations of mismanagement, or even specific instances, without any resulting monetary loss, do not justify surcharge of a receiver. <u>Title Guarantee & Trust Co. v. Adlake Corp.</u>, 290 N.Y.S. 1007, 1010 (N.Y. Sup. Ct. Queens Cty.

1936).  To the extent that the Debtor bases this appeal on the argument that another judge hearing the evidence might have evaluated it differently, the Debtor falls short of even alleging clear error. In short, the Debtor has failed to show that it is likely to succeed on its appeal.

    4)  <u>The Public Interest in a Stay</u>

To the extent that the public interest is implicated, this criterion weighs against a stay. The public interest is served when allowed claims are paid in accordance with court order.

Moreover, the Debtor's application for a stay pending appeal is so lacking in merit that it may fairly be described as frivolous, and the Debtor's conduct following this Court's determination of the merits of the objections to the Proof of Claim was dilatory.  The Order directing payment to the Receiver was entered on August 21, 2015.  The Debtor failed to comply with the Order, or to make a motion for a stay, for 60 days, and after filing the motion for a stay, delayed in scheduling the motion for a hearing for almost 60 days.  The public interest is not served by granting a stay in these circumstances.

<u>Conclusion</u>

For all of the foregoing reasons, the Debtor's application for a stay pending appeal is denied.

**Dated: Brooklyn, New York**
**December 11, 2015**



_Carla E. Craig_
**Carla E. Craig**
**United States Bankruptcy Judge**